UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE D. LEACHMAN, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:08-CV-688 (CEJ) |
| CYNDI PRUDDEN, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on the petition of Denise D. Leachman for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

I. **Procedural History**

on January 25, 2006 petitioner pled guilty pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), to kidnaping, first-degree assault, stealing from a person, three counts of first-degree robbery and five counts of armed criminal action. Resp. Ex. A 31-38. On March 31, 2006, the Circuit Court of the City of St. Louis, after finding petitioner to be a prior and persistent offender, sentenced her to concurrent terms of imprisonment of twenty-five years for each count of kidnaping, robbery and armed criminal action, and fifteen years for each count of assault and theft. <u>Id.</u> at 40-42.

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035(b) which was denied on July 19, 2007. The Missouri Court of Appeals summarily affirmed the denial of post-conviction relief in a per curium opinion issued on March 18, 2008. <u>Leachman v. State</u>, 247 S.W.3d 588 (Mo. App. Ct. 2008) (Resp. Ex. D). Along with its opinion, the appeals court issued to the parties an non-

precedential addendum explaining the basis for its decision. Id.

In the instant § 2254 petition, petitioner asserts two grounds for relief: (1) that she was denied effective assistance of counsel; and (2) the state court erred in denying her request for a evidentiary hearing in connection with her motion for post-conviction relief.

II. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if

"the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

III. Discussion

   A. Ground One

Petitioner's first claim is that she was denied effective assistance of counsel. Petitioner states that her attorney falsely told that she would receive a sentence of imprisonment of between nine and fifteen years and that she would be eligible for parole after seven years. Petitioner claims that the false statements rendered defense counsel's performance deficient and that her guilty plea was therefore unintelligent and involuntary.

Before accepting the guilty plea, the judge told petitioner that she faced a maximum of nine life sentences and two fifteen-year sentences, and that the

sentences could be imposed to run consecutively. The judge also explicitly advised petitioner that if the maximum sentences were imposed, petitioner "would not get out of the penitentiary during your lifetime unless you were to become violently ill or you were to serve at least fifty years and then become ill." Resp. Exh. A, p. 36. Petitioner stated under oath that she understood the potential punishment and the consequences of pleading guilty. Id. In response to questioning by the court, petitioner stated under oath that she'd had enough time to discuss the case with her lawyer, and that no one had threatened her or promised her anything to persuade her to plead guilty. Id. at p. 32.

Petitioner sought relief in state court on this ground in her motion for post-conviction relief under Missouri Supreme Court Rule 24.035(b). The trial court denied petitioner's Rule 24.035 motion on this point, finding that the record reflected that "petitioner pleaded guilty voluntarily without any threats or promises" and petitioner understood, prior to entering her plea, that the trial court could "sentence her to nine life sentences and two fifteen year sentences with the sentences to run consecutive." Resp. Ex. A 88. The trial court also found that petitioner had testified under oath that "she had no complaints against her attorney, her attorney had answered all her questions . . . and she had no additional questions for her attorney." Id. at 89. Based upon these findings the trial court determined that petitioner's claim did not merit post-conviction relief.

The appellate court summarily affirmed the trial court's determination that petitioner was not entitled to post-conviction relief based upon her trial counsel's alleged promises regarding length of sentence. Resp. Ex. D. In its non-precedential addendum, the court of appeals explained that petitioner's guilty plea was entered

knowingly and voluntarily because the record was devoid of any evidence showing that petitioner was promised a term of imprisonment of only nine to fifteen years. Id. at 5. In fact, the appeals court pointed to numerous statements made on the record that it found to undermine petitioner's claim that such a promise had been made. Id. Further, the appeals court noted that any misinformation petitioner may have been given about the possible sentence could not vitiate the voluntariness of her plea because the trial court accurately informed petitioner of the range of imprisonment available prior to accepting her guilty plea. Id. at 6.

A no-contest guilty plea is valid if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Hill v. Lockhart, 474 U.S. 52, 56 (1985). Where petitioner claims that their guilty plea was unknowing or involuntary based upon ineffective assistance of counsel, he or she must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance resulted in prejudice. Hill, 474 U.S. 52 (applying Strickland v. Washington, 466 U.S. 668, 687 (1984) in the guilty plea context).

With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Strickland, 466 U.S. at 689. In order to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Following a conviction by guilty plea, this means a "reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S.

at 59.

Further, in order to obtain relief under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state court applied Strickland incorrectly. Bell v. Cone, 535 U.S. 685, 699 (2002). "Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 131 S.Ct. 770, 788 (2011).

Here, the state courts' finding that petitioner's guilty plea was entered voluntarily and intelligently is consistent with Supreme Court precedent. Even assuming petitioner's trial counsel provided inaccurate information as to the length of imprisonment petitioner would receive if she pleaded guilty, petitioner cannot show prejudice and satisfy the second Strickland prong because the trial court correctly informed petitioner as to the range of imprisonment. See Griffith v. Wyrick, 527 F.2d 109, 113 n. 6 (8th Cir.1975) ("If all that was present in this case was an inaccurate prediction of sentence by defendant's counsel . . . an otherwise voluntary plea of guilty would not be vitiated."); Nelson v. Hvass, 392 F.3d 320, 322-24 (8th Cir. 2004) (where habeas petitioner was fully informed at guilty plea hearing as to what his sentencing exposure was, state courts' finding that he did not base his decision to plead guilty on his attorney's alleged incorrect advice was a reasonable determination of the facts).

The state courts reasonably relied upon the transcript of the plea colloquy. (Resp. Exh. A, pp. 31-37). Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir.1990)

(quoting Blackledge v.. Allison, 431 U.S. 63, 74 (1977)). "'[T]he representations of the defendant ... at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.' " Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (also quoting Blackledge, 431 U.S. at 73-74). The state court's determination that petitioner was adequately informed as to the consequences of her guilty plea is reasonable in light of statements made during the plea hearing. Thus, the state courts' denial of post-conviction relief on this ground was neither contrary to nor an unreasonable application of Supreme Court precedent and petitioner has failed to show she is entitled to relief under 28 U.S.C. § 2254(d) as to ground one.

### B. Ground Two

In her second ground for relief, petitioner claims that the trial court's denial of her request for a post-conviction evidentiary hearing was a violation of due process. This claim is not cognizable under 28 U.S.C. § 2254. "[I]nfirmities in [a] state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction," because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions. Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir. 1981); Jordan v. Bowersox, Not Reported in F.Supp.2d, 2008 WL 441697 (E.D. Mo. 2008). As such, petitioner's second ground for relief cannot serve as a basis for relief under 28 U.S.C. § 2254 and the Court will not review the state courts' denial of a post-conviction evidentiary hearing.

### IV. Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that the state courts' decisions denying the two grounds for relief alleged

here were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

                                                          _____
                                                          CAROL E. JACKSON
                                                          UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2011.